FILED

JUN 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL HEIT,

       Plaintiff-Appellant,

v.

AEROTEK, INC.,

       Defendant-Appellee.

No.   16-35981

D.C. No. 2:15-cv-01805-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted June 12, 2018[**]
Seattle, Washington

Before:  D.W. NELSON and WATFORD, Circuit Judges, and PREGERSON,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

Michael Heit ("Heit") appeals the district court's granting summary judgment to Aerotek, Inc. ("Aerotek") on his claims for disability discrimination under the Americans with Disabilities Act ("ADA") and the Washington Law Against Discrimination ("WLAD").  We "review the district court's grant . . . of motions for summary judgment *de novo*."  *Animal Legal Defense Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 988 (9th Cir. 2016) (citations and internal quotation marks omitted).  We have jurisdiction under 28 U.S.C. § 1291, and we **AFFIRM**.

1.  Heit failed to raise a genuine dispute of fact as to whether he actually suffers from Shy Bladder Syndrome.[1]  He produced a doctor's note stating he has this condition, but that doctor later testified she never conducted any medical examination on Heit, did not review his records, and merely wrote down what he told her during their conversation.  Without the note, Heit is left with only his own

---

[1] According to Heit, Shy Bladder Syndrome, also known as paruresis, is characterized by the inability to "urinate in a public restroom if others are there, if under pressure, or if [the individual has] any sense that someone is looking over [his] shoulder."  The Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition categorizes paruresis as a type of Social Anxiety Disorder.  An individual diagnosed with the Disorder fears certain social situations where "he or she [might] be negatively evaluated."  The fear is "out of proportion to the actual threat posed," "is not attributable to the physiological effects of a substance . . . or another medical condition," and "is not better explained by the symptoms of another mental disorder."

testimony regarding his condition. "[L]ay witnesses [like Heit, however, are] incompetent to testify as to the existence . . . of [medical] illnesses." *Frisone v. United States*, 270 F.2d 401, 403 (9th Cir. 1959) (citations omitted). While he is competent to testify about the effects of the alleged condition—that he was unable to urinate during the drug tests—the "cause of such a condition is a medical question . . . not within the certain knowledge of laymen," and "must be proved by expert testimony." *Nelson v. Murphy*, 42 Wash. 2d 737, 740 (1953); *see also Frisone*, 270 F.2d at 403 (citations omitted); *Felkins v. City of Lakewood*, 774 F.3d 647, 651–52 (10th Cir. 2014) (citing Fed. R. Evid. 701). Accordingly, Heit cannot rely on his testimony alone to raise a genuine dispute of fact about whether he actually suffers from paruresis.

    2. Even if Heit had raised a dispute about whether he suffers from paruresis, summary judgment was still proper because he raises no issues with respect to his failure-to-accommodate claims. The record establishes that Aerotek did not accommodate Heit's request for alternative drug testing because it did not have the requisite documentation to determine what kind of testing would be appropriate. An employer has a right to this documentation under both the ADA and the WLAD. *See Vinson v. Thomas*, 288 F.3d 1145, 1153 (9th Cir. 2002) (citation omitted) (ADA); Wash. Rev. Code § 49.60.040(7)(d)(ii) (requiring "medical

documentation" for accommodation purposes).  Because Heit was responsible for the breakdown of the interactive process, the district court properly granted summary judgment in favor of Aerotek.  *See Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 743 (9th Cir. 2011)  (dismissing failure-to-accommodate claim under California law where the plaintiff was responsible for breakdown); *Maxwell v. State, Dep't of Corr.*, 91 Wash. App. 171, 180 (1998) (same, under Washington law).

    **AFFIRMED.**